1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

CARLTON FIELDS,                                    No.  2:16-cv-1085 AC P

12

Plaintiff,

13

v.                                                      ORDER

14

DANIEL PARAMO, et al.,

15

Defendants.

16

17       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18   § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   Plaintiff has also filed a request for appointment of counsel.  ECF No. 5.  This proceeding was

20   referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff's amended

21   complaint is now before the court.

22       I.       Request to Proceed In Forma Pauperis

23       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

24   ECF No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

25   (2).  Accordingly, the request to proceed in forma pauperis will be granted.

26       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

27   1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

28   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

1

1  the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

2  forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

3  of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

4  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

5  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §

6  1915(b)(2).

7        II.      Statutory Screening of Prisoner Complaints

8        The court is required to screen complaints brought by prisoners seeking relief against a

9  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

10  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

11  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

12  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

15  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989); Franklin, 745 F.2d at 1227.

20        A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

21  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in

22  support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

23  U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt

24  Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

25  this standard, the court must accept as true the allegations of the complaint in question, Hosp.

26  Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740 (1976), construe the pleading in the light most

27  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395

28  U.S. 411, 421 (1969).

III.     Amended Complaint

In his amended complaint, plaintiff contends that defendant "Doe #1," the urologist at San Joaquin hospital, violated his First and Fourteenth Amendment rights by failing to provide him with a circumcision for religious purposes.  ECF No. 8 at 3.  In addition, plaintiff alleges that "all other named defendants"[1] violated his due process rights by denying his health care appeals.  Id.  Plaintiff seeks an order requiring the San Joaquin hospital to circumcise him.  Id.

A.     First Amendment Claim

While plaintiff may be able to state a viable First Amendment claim for the denial of his request for a religious circumcision, plaintiff has identified only a single Doe defendant.  ECF No. 8 at 3.  Due to the impossibility of serving an unknown individual, the court will grant plaintiff leave to file a second amended complaint to provide the real name for the "Doe #1" defendant.

If plaintiff elects to file a second amended complaint in this action, he is advised of the following legal standards that govern the First Amendment claim he is attempting to present.  First, as an initial matter, plaintiff must allege an actual link or connection between the named defendant and the denial of plaintiff's request for a religious circumcision.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  "One's First Amendment "right to exercise religious practices and beliefs does not terminate at the prison door."  McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987).  Rather, "[i]nmates . . . retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion."  O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted).  However, plaintiff is advised that in order to trigger the protections of the Free

---

[1]  The other named defendants are A. Altschuler (AGPA), Health Care Appeals Office, Mule Creek State Prison; J. Lewis, Deputy Director, Policy and Risk Management Services, California Correctional Health Care Service; W. David Smiley, Chief Executive Officer, Health Care Services, Mule Creek State Prison; and C. Smith, Chief Physician and Surgeon, Mule Creek State Prison.  Defendants' respective job titles are identified in the exhibits to the original complaint.  See ECF No. 1 at 5, 7-9, 14.  These exhibits were not attached to the amended complaint.  In light of plaintiff's pro se status, the court will consider the amended complaint as if those exhibits were attached.

1    Exercise Clause of the First Amendment, he must allege and show that his belief is "sincerely

2    held" and his needs are "rooted in religious belief."   Shakur v. Schriro, 514 F.3d 878, 884 (9th

3    Cir. 2008) (citations omitted).   Thus, if plaintiff decides to pursue this claim in his second

4    amended complaint, he should allege facts indicating whether he practices the Jewish faith and

5    whether circumcision is a need rooted in his religious belief.   Plaintiff is further advised that,

6    under the First Amendment, a prison regulation infringing on a prisoner's free exercise of religion

7    is valid if it is reasonably related to legitimate penological interests.   Turner v. Safley, 482 U.S.

8    78, 89 (1987).

9            B.      Fourteenth Amendment Claim

10           Plaintiff also asserts that defendant Doe #1 violated his Fourteenth Amendment rights by

11   denying plaintiff's request for a religious circumcision.   In addition to failing to identify

12   defendant Doe, plaintiff has failed to state a cognizable Equal Protection claim.

13           Behind bars, the Equal Protection Clause of the Fourteenth Amendment affords a prisoner

14   "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow

15   prisoners who adhere to conventional religious precepts."   Shakur, 514 F.3d at 891 (quoting Cruz

16   v. Beto, 405 U.S. 319, 322 (1972)).   However, prisons "are not required to provide identical

17   accommodations to inmates of every religious persuasion."   Rouser v. White, 630 F. Supp.2d

18   1165, 1200 (E.D. Cal. 2009) (citing Cruz, 405 U.S. at 322 n.2).   To make an Equal Protection

19   claim, an inmate must show that the prison treated him differently from a similarly situated class,

20   raising an inference of discriminatory purpose.   Shakur, 514 F.3d at 891; Rupe v. Cate, 688 F.

21   Supp. 2d 1035, 1049 (E.D. Cal. 2010).   In prison, an inmate's Equal Protection claim only

22   succeeds where the prison's disparate treatment was not "reasonably related to legitimate

23   penological interests."   Shakur, 514 F.3d at 891; see also Rupe, 688 F. Supp. 2d at 1049.

24   Allegations of disparate treatment, however, cannot be merely conclusory; they must have some

25   specificity and factual support.   See Rouser, 630 F. Supp. 2d at 1200.

26           Plaintiff has failed to allege any facts showing he was intentionally treated differently

27   from similarly situated inmates or that the denial of his request to be circumcised was not

28   reasonably related to legitimate penological interests.   Accordingly, plaintiff's Fourteenth

                                                    4

1   Amendment claim will be dismissed.  The court will, however, grant leave to file a second

2   amended complaint.

3        C.    Due Process Claim

4        Plaintiff alleges a due process violation against defendants Altschuler, Lewis, Smiley, and

5   Smith predicated on their denial of plaintiff's health care appeals.  ECF No. 8 at 3.  Plaintiff is

6   informed that prison staff actions in responding to plaintiff's health care appeals alone cannot

7   give rise to any claim for relief under § 1983 for violation of due process.  "[A prison] grievance

8   procedure is a procedural right only, it does not confer any substantive right upon the inmates.

9   Hence, it does not give rise to a protected liberty interest requiring the procedural protections

10  envisioned by the fourteenth amendment."  Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill.

11  1982).  A prisoner does not have a "separate constitutional entitlement to a specific prison

12  grievance procedure."  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v.

13  Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

14       Plaintiff may not assert a constitutional violation based solely on a claim that defendants

15  improperly handled and denied his health care appeals.  Accordingly, plaintiff's due process

16  claims against defendants Altschuler, Lewis, Smiley, and Smith will be dismissed.

17       D.    Eighth Amendment

18       To the extent plaintiff seeks to assert an Eighth Amendment claim arising from prison

19  officials' failure to provide him with a circumcision for religious purposes, the claim will be

20  dismissed.[2]

21       The Eighth Amendment protects prisoners from inhumane methods of punishment and

22  from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir.

23  2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

24  only those deprivations denying the minimal civilized measure of life's necessities are

25  sufficiently grave to form the basis of an Eighth Amendment violation.  Hudson v. McMillian,

26  503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of

27

28  [2]  In the original complaint, plaintiff asserted an Eighth Amendment claim.  ECF No. 1 at 3.

1  the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison

2  officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  Farmer v.

3  Brennan, 511 U.S. 825, 847 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

4        Plaintiff's desire for a circumcision for religious reasons does not support a claim for

5  violation of the Eighth Amendment because prison officials are not knowingly disregarding a

6  substantial risk of harm to plaintiff's health.  Farmer, 511 U.S. at 837; see also Adsit v. Kaplan,

7  410 F. Supp. 2d 776, 782 (W.D. Wis. Jan. 19, 2006) (denial of free circumcision does not violate

8  Eighth Amendment).

9        E.      Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA)

10        Although the amended complaint does not specifically assert a RLUIPA claim, the

11  exhibits attached to plaintiff's original complaint reference RLUIPA, ECF No. 1 at 6.  If plaintiff

12  elects to assert a RLUIPA claim in his second amended complaint, he is advised of the following

13  legal standards that govern a RLUIPA claim.  RLUIPA prohibits prison officials from imposing a

14  substantial burden on an inmate's religious exercise, unless it is in furtherance of a compelling

15  government interest, and is the least restrictive means of furthering that compelling government

16  interest.  42 U.S.C. § 2000cc-1(a)(1)-(2).  "A prison policy that 'intentionally puts significant

17  pressure on inmates to abandon their religious beliefs imposes a substantial burden on the

18  inmate's religious practices.'"  Shakur, 514 F.3d at 889 (quoting Warsoldier v. Woodford, 418

19  F.3d 989, 996 (9th Cir. 2005)).  Plaintiff is advised that if he seeks to allege a RLUIPA claim in

20  his second amended complaint, plaintiff must allege facts supporting his claim that defendants

21  were responsible for or participated in the burdening of plaintiff's religious exercise.  Although

22  accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

23  speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

24        IV.     Leave to Amend

25        For the reasons set forth above, plaintiff's amended complaint is dismissed, with leave to

26  file a second amended complaint that meets the substantive legal requirements set forth herein.

27        If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how

28  the denial of his request for a religious circumcision have resulted in a deprivation of plaintiff's

6

1    federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

2    Also, the second amended complaint must allege in specific terms how each named defendant is

3    involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

4    or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. 370-

5    71; May, 633 F.2d at 167; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Further, "there is

6    no pure respondeat superior liability under § 1983, [and] a supervisor [may only be held] liable

7    for the constitutional violations of subordinates 'if the supervisor participated in or directed the

8    violations, or knew of the violations and failed to act to prevent them.'"  Hydrick v. Hunter, 500

9    F.3d 978, 988 (9th Cir. 2007), vacated and remanded on other grounds, 556 U.S. 1256 (2009)

10   (quoting Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)).

11          In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

12   make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended

13   complaint be complete in itself without reference to any prior pleading.  This is because, as a

14   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

15   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, the prior pleadings

16   no longer serve any function in the case.  Therefore, in a second amended complaint, as in an

17   original complaint, each claim and the involvement of each defendant must be sufficiently

18   alleged.

19          V.      Motion for Appointment of Counsel

20          Plaintiff has requested appointment of counsel.  ECF No. 5.  The United States Supreme

21   Court has ruled that district courts lack authority to require counsel to represent indigent prisoners

22   in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain

23   exceptional circumstances, the district court may request the voluntary assistance of counsel

24   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

25   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

26          The test for exceptional circumstances requires the court to evaluate the plaintiff's

27   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

28   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

7

1    1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

2    common to most prisoners, such as lack of legal education and limited law library access, do not

3    establish exceptional circumstances that would warrant a request for voluntary assistance of

4    counsel.

5         In the present case, the court does not find the required exceptional circumstances.  Even

6    if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations

7    which, if proved, would entitle him to relief, his case is not exceptional.  The court is faced with

8    similar cases almost daily.  Further, based on a review of the record in this case and the court's

9    instructions to plaintiff regarding the substantive law and what he will have to do to sufficiently

10   plead his claims, the court does not find that plaintiff lacks the capability to articulate his claims.

11        In accordance with the above, IT IS HEREBY ORDERED that:

12        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

13        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

14   is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §

15   1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

16   Director of the California Department of Corrections and Rehabilitation filed concurrently

17   herewith.

18        3.  Plaintiff's amended complaint (ECF No. 8) is dismissed.

19        4.  Plaintiff is granted thirty days from the date of service of this order to file a second

20   amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules

21   of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the

22   docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff

23   must file an original and two copies of the second amended complaint; failure to file a second

24   amended complaint in accordance with this order will result in a recommendation that this action

25   be dismissed.

26   ////

27   ////

28   ////

5.  Plaintiff's motion for appointment of counsel (ECF No. 5) is denied.

DATED: December 28, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE