UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLTON FIELDS,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL PARAMO, et al.,<br><br>    Defendants. | No. 2:16-cv-1085 JAM AC P<br><br><br><br>ORDER |

      Plaintiff is a state prisoner, presently incarcerated at California State Prison Sacramento (CSP-SAC), who proceeds pro se and in forma pauperis with this civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants Liu and Jackson have filed separate motions to dismiss. ECF Nos. 19, 26. This order addresses two documents since filed by plaintiff.

      First, plaintiff filed a request for a court order. See ECF No. 33. In it, he asks to receive a phone conference and a settlement conference. Id. The request will be denied for the following reasons. The court does not routinely set phone conferences in prisoner cases. Moreover, should plaintiff wish to pursue settlement in this action, he should so inform defendants' counsel. If all parties agree that a settlement conference may be helpful in resolving this case, they should file a joint stipulation requesting that the court schedule such conference.

      In the request for a court order, plaintiff also complains of difficulties in accessing the CSP-SAC prison law library and obtaining legal copies. See id. As a result, he asks that the court issue an order informing the prison of his right to litigate. Id. at 2. It is not the role of this

1

court to micromanage the availability of the prison law library or a prisoner's access to legal copies or supplies. Consequently, this part of the request will also be denied. However, plaintiff may request an extension of any particular deadline if delays accessing the prison library interfere with his ability to meet that deadline.

Second, plaintiff has filed a motion for "emergency order from the court." ECF No. 34. In it he requests the appointment of counsel and reiterates his need to obtain copies, make a phone call, and have access to the prison law library. See id. Plaintiff is informed that district courts do not have authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). Only in certain exceptional circumstances may a district court request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Exceptional circumstances include plaintiff's ability to articulate his claims pro se in light of the complexity of the legal issues involved and plaintiff's likelihood of success on the merits of his claims. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish the requisite exceptional circumstances warranting appointment of counsel. The burden of demonstrating exceptional circumstances is on plaintiff. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

In the present case, the court does not find exceptional circumstances supporting appointment of counsel at this time. Although there is a likelihood of plaintiff succeeding on the merits of his First Amendment claims in this case, the pertinent facts and legal issues are not particularly complex and have been adequately presented by plaintiff. This action proceeds against two defendants on plaintiff's allegations that defendants violated his First Amendment rights and his rights under the Religious Land Use and Institutionalized Persons Act when they declined his request for a circumcision. See ECF No. 14 at 3-4 (screening order). The court has informed plaintiff of the applicable legal standards for pursuing these claims. See id. These standards should be considered by plaintiff in identifying evidence that supports his claims and

formulating discovery requests that may arise should this matter reach that stage. Moreover, plaintiff's request for appointment is premised on factors shared by most prisoners: financial inability to retain counsel, practical limitations due to imprisonment, inexperience in litigation, and an anticipated trial requiring adequate presentation of evidence and cross-examination of opposing witnesses. See ECF Nos. 33, 34. None of these factors support appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for a court order, wherein he asks for the court's assistance with procuring phone and settlement conferences as well as with accessing the prison law library and legal materials (ECF No. 33), is DENIED.

2. Plaintiff's motion for an emergency order, wherein he specifically requests appointment of counsel (ECF No. 34), is DENIED without prejudice.

DATED: March 12, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE